**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 29, 2020[*]
Decided April 29, 2020

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-2620

| | |
|---|---|
| RENEE TAYLOR-REEVES,<br>    *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 17 CV 5416 |
| MARKETSTAFF, INC.,<br>    *Defendant-Appellee*. | John Robert Blakey,<br>*Judge*. |

**O R D E R**

After she was fired for leaving work early for a medical appointment, Renee Taylor-Reeves sued for violations of her rights under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. The district court dismissed the action, and we affirm.

---

[*] The appellee notified the court that it will not be participating in the appeal. We have agreed to decide this case without oral argument because the appellant's brief and the record adequately present the facts and legal arguments. FED. R. APP. P. 34(a)(2)(C).

Taylor-Reeves, a black woman, worked as an instructor at Bright Start Child Care & Preschool between 2013 and 2015. In April 2015, she contacted a supervisor to report that she felt ill and may have contracted strep throat. Taylor-Reeves explained that she had a doctor's appointment the next day and would not be able to teach. The supervisor asked her to report to work anyway and told her that she still could go to her appointment later in the day. Once at work, however, Taylor-Reeves felt increasingly ill, so she sent her supervisor a note asking for permission to go to the doctor immediately. The supervisor responded, "do what you need to do." Taylor-Reeves left work early. Later that day, she received an email from Marketstaff—the school's third-party provider of human resources support—stating that she was "considered 'resigned' for leaving the workplace without permission."

Five weeks later, Taylor-Reeves filed a charge of discrimination against Bright Start with the Illinois Department of Human Rights. She alleged that her supervisor had sexually harassed her and then discharged her for going to the doctor, despite not firing similarly situated "non-black" teachers for staying home sick. After receiving a notice of right to sue, Taylor-Reeves, represented by counsel, filed two lawsuits. First, she sued Bright Start in state court, alleging sexual harassment, race discrimination, and retaliation, in violation of the Illinois Human Rights Act. Then, she filed this federal action against both Bright Start and Marketstaff, bringing similar claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–3(a), and 42 U.S.C. § 1981.

After a jury returned a verdict for Bright Start in state court, the federal litigation, which had been stayed, resumed. Taylor-Reeves's attorneys withdrew, and through new counsel, she moved to dismiss Bright Start from this action. The district court granted the motion and instructed Taylor-Reeves's attorney to "advise the [c]ourt if there is a good faith basis to proceed with this case against … Marketstaff." Counsel withdrew a few weeks later. Taylor-Reeves then filed a pro se amended complaint, proceeding only with what she a labeled a "retaliation" claim, alleging that Marketstaff was her employer and fired her for leaving work for health reasons. Taylor-Reeves also alleged, without elaboration, that her supervisor at the preschool had subjected her to "offensive and unwelcome sexual harassment" throughout her employment.

The district court dismissed the amended complaint with prejudice on Marketstaff's motion. The court ruled that the complaint failed to state a claim for retaliation, *see* FED. R. CIV. P. 12(b)(6), because Taylor-Reeves "alleges only that Defendant terminated her for leaving the workplace without permission." And "requesting leave for strep throat" is not a statutorily protected activity. *See* 42 U.S.C.

§ 2000e–3(a). Alternatively, the district court ruled that *res judicata* bars Taylor-Reeves's claim in light of the state-court judgment in favor of Bright Start.

Taylor-Reeves's brief on appeal is only minimally developed, but if we read it generously, we can discern two basic arguments: (1) dismissal of the suit was improper because, in leaving work when sick, Taylor-Reeves "followed appropriate procedures set forth" by Illinois law; and (2) *res judicata* does not apply because the state and federal suits "are not parallel."

The first issue is dispositive (so we decline to address the second). Even if we assume that Taylor-Reeves followed all applicable state policies when leaving work sick (and that Marketstaff was her "employer," which is disputed), her termination for that departure still is not actionable under Title VII or § 1981. "Title VII's anti-retaliation provision provides that it is unlawful for an employer to discriminate against its employee because the employee filed a complaint or participated in an investigation of an unlawful employment practice." *Robertson v. Dep't of Health Servs.*, 949 F.3d 371, 378 (7th Cir. 2020) (citing 42 U.S.C § 2000e–3(a)); *see also Baines v. Walgreen Co.*, 863 F.3d 656, 661 (7th Cir. 2017) (noting we "generally use the same standard to review discrimination and retaliation claims under § 1981 and Title VII"). But in her amended complaint, Taylor-Reeves specifically attributes the allegedly retaliatory discharge to the fact that she left work for medical reasons. As the district court noted, this is not a protected activity under 42 U.S.C § 2000e–3(a). *See Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013) (holding Title VII retaliation claims require a "but-for" causal connection between plaintiff's participation in a statutorily protected activity and employer's adverse action). So dismissal of her suit was proper.

AFFIRMED